FILED

1 | **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
E-Filing

3 | Name KILLEBREW  CHRISTOPHER  M

4 | (Last)          (First)          (Initial)

5 | Prisoner Number F 33431    B5-109up

6 | Institutional Address P.O. Box 3030

7 | Susanville, CA. 96127-3030

(PR)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER M. KILLEBREW                    C 07 5386
(Enter the full name of plaintiff in this action.)

vs.                                          Case No. _____
                                             (To be provided by the clerk of court)
MARIN COUNTY JAIL
ET. AL                                       **COMPLAINT UNDER THE
                                             CIVIL RIGHTS ACT,
                                             42 U.S.C §§ 1983**

(Enter the full name of the defendant(s) in this action)

*[All questions on this complaint form must be answered in order for your action to proceed.]*

I.    Exhaustion of Administrative Remedies

      [**Note:** You must exhaust your administrative remedies before your claim can go

      forward. The court will dismiss any unexhausted claims.]

      A.    Place of present confinement  MARIN COUNTY JAIL

      B.    Is there a grievance procedure in this institution?
            YES (✓)    NO ( )

      C.    Did you present the facts in your complaint for review through the grievance
            procedure?
            YES (✓)    NO ( )

      D.    If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT                             - 1 -

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal   SEE EXIBIT A

2. First formal level   SEE EXIBIT A

3. Second formal level   SEE EXIBIT A

4. Third formal level   SEE EXIBIT A

E. Is the last level to which you appealed the highest level of appeal available to you?
YES (✓)   NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why.

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.
CHRISTOPHER M. KILLEBREW  F33431  B5-109^P
P.O. BOX 3030
SUSANVILLE, CA. 96127-3030

B. Write the full name of each defendant, his or her official position, and his or her place of employment.
CAPTAIN DENNIS McQUEENY, FIRMA STEWART, MARSHA GRANT RN, CHARLES PALMIGIANO MD, PETER VAUGHY MD OF MENTAL HEALTH,

COMPLAINT                    - 2 -

1  Amy Harris Mental Health Staff, Sergeant William
2  Hernandez.  Marin County Jail  13 Peter Behr Dr
3  San Rafael, Ca. 94903

4  III.   Statement of Claim

5       State here as briefly as possible the facts of your case. Be sure to describe how each
6  defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any
7  cases or statutes. If you have more than one claim, each claim should be set forth in a separate
8  numbered paragraph.
9  See Exibit B

22  IV.   Relief

23       Your complaint cannot go forward unless you request specific relief. State briefly exactly what
24  you want the court to do for you. Make no legal arguments; cite no cases or statutes.
25  Punitive Damages, Court Fees, Attornies Fees
26  To Have Marin County Jail And There Medical And
27  Mental Health Department And Staff Treat
28  Inmates With Documented Mental Health Illness

COMPLAINT                                - 3 -

1 OR PRECIEVED MENTAL ILLNESS OR DISABILITY
2 WITH THE MINIMUM STANDARD REQUIRED BY LAW.
3 CASH SETTLEMENT $50,000.00

4     I declare under penalty of perjury that the foregoing is true and correct.

6     Signed this 9TH day of OCTOBER, 20 07

8                               Christopher M. Killebrew
9                                   (Plaintiff's signature)

COMPLAINT                         - 4 -

EXIBIT A

# MARIN COUNTY SHERIFF'S OFFICE
## CUSTODY DIVISION
### INMATE GRIEVANCE FORM

THIS INMATE GRIEVANCE WILL BE INVESTIGATED PURSUANT TO THE REQUIREMENTS OF TITLE 15, SECTION 1073.

**INMATE'S NAME:** CHRISTOPHER MATTHEW KILLEBREW  **JID#** 152890  **HOUSING** D/S #8

**DETAILS OF GRIEVANCE** (DO NOT WRITE ON BACKSIDE) (Note the incident report fail to reveal the use of Shot Gun) On 6-25-06 at 7:15 pm I was ask to cuff up by Sgt. William Hernandez, I replied "NO", at that point Sgt. Hernandez open my foodport and sprayed a total of six canisters of OC Pepper spray (Three large canisters of OC Pepper spray, and three small canisters) directly into my cell through the Foodport one after the other. After that Sgt. Hernandez then summons for the 12 gauge shot gun, it was retrived, and then Sgt. Hernandez stuck the barrel of the shot gun through the Food Port then fired five consecutive shot gun rounds at me from close range through the foodport. (He tryed to kill me) There was no video recording the cell extraction Nor was the Jail Commander present or nurse per procedure. *****DO NOT WRITE BELOW THIS LINE***** Excessive Force. I want Hernandez investigated

**RECEIVED FROM INMATE:** DAY MON  DATE 6-26-06  TIME 1651  DEPUTY TIJERO  BADGE# 570  TEAM D

## LEVEL I

**INVESTIGATED BY:**
NAME                BADGE#        TEAM        DATE

## LEVEL II

YOUR ACTIONS LED TO THE STEPS USED TO EXTRACT YOU FROM YOUR CELL. I WILL NOT DISCUSS TACTICS AND PROCEDURES FOR CELL EXTRACTIONS WITH YOU DUE TO FACILITY SAFETY CONCERNS. THE INCIDENT WAS WITHIN POLICY. YOUR GRIEVANCE IS

**REQUIRES RESPONSE:** ☐ CLASSIFICATION  ☐ MEDICAL  ☐ FOOD SERVICES  ☐ OTHER:

**SUPERVISOR REVIEW:** FRIVOLOUS AND WITHOUT MERIT. FOLLOW THE RULES AND YOU WILL NOT PUT YOURSELF IN THIS POSITION. — REQUEST TO LEVEL 3

**NAME** SGT KBOYD  **BADGE#** 1506  **TEAM** D  **DATE** 6/26/06

**FINAL DISPOSITION:** CONCUR - RESOLVED.

## LEVEL III

**OPERATIONS LEUTENANT:** [signature]  168  **DATE** 7/5/06

Attachment to Claim
Claimant: Christopher Killebrew

7. General Description of Injury, Damage or Loss and Describe Circumstances which Gave Rise to the Claim.

It was well known to custody staff at the Jail that Claimant was under treatment by Detention Mental Health Services and that he was on psychotropic medication. It was also well known to custody staff that Claimant was subjected to stressful deprivations. Claimant was locked in his cell 23 hours a day from July 16, 2005 until June 30, 2006. For many of the weeks, beginning in September 2005 and continuing through June 2006, Claimant was fed the "loaf." For many weeks, Claimant was not allowed to see his family. Detention Mental Health was concerned that Claimant's mental illness might seriously worsen as the date for sentencing approached. Custody staff would have known the date they would be required to return claimant to court for sentencing. On June 25, 2006, a few days before sentencing, Claimant became upset and non responsive to orders. Claimant as usual was locked in his cell. Sergeant Hernandez ordered a Deputy to continue to open the food port of claimant's cell and Sergeant Hernandez sprayed Claimant with six canisters of OC Pepper Spray. Sergeant Hernandez then pushed a pellet gun through the food port and shot 5 rounds at Claimant. When Claimant was being taken from the Pod, Sergeant Hernandez told the Deputies to drop Claimant on his face if he resisted. When Claimant was placed in the "rubber room", Sergeant Hernandez threw a pitcher of cold water in Claimant's face and said that this was his shower. The conduct of Sergeant Hernandez was excessive, inhuman, and discriminatory, was malicious and sadistic and for the purpose of causing pain and humiliation, and was in violation of Claimant's rights.