UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER M. KILLEBREW,

        Plaintiff,

    v.

Captain DENNIS McQUEENY; FIRMA STEWART; MARSHA GRANT, R.N.; CHARLES PACMIGIANO, M.D.; PETER VAUGHY, M.D., of Mental Health; AMY HARRIS, Mental Health Staff; and Sergeant WILLIAM HERNANDEZ;

        Defendants.

                                 /

No. C 07-5386 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

        This is a pro se section 1983 civil rights action filed by a plaintiff who formerly was a prisoner at the Marin County Jail. Plaintiff's claims against all defendants except Hernandez were dismissed with leave to amend; when plaintiff did not amend, the claim against Hernandez was served and those against the other defendants were dismissed. Hernandez has moved for summary judgment. The motion is unopposed. For the reasons discussed below, the motion will be granted.

**DISCUSSION**

**A.    Standard of Review**

        Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury

to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

## B. Analysis

The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), *rev'd on other grounds sub nom. Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

The papers in support of the motion for summary judgment are evidence that the force used against plaintiff by Hernandez (pepper spray) was only that which was necessary to restore discipline in the face of plaintiff's obdurate refusal to obey orders and cease his dangerous conduct. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm). The movant's

papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact.  The motion for summary judgment will be granted.

## CONCLUSION

The motion for summary judgment (document number 12 on the docket) is **GRANTED.**  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 26, 2009.

                                  PHYLLIS J. HAMILTON
                                  United States District Judge

G:\PRO-SE\PJH\CR.07\KILLEBREW5386.MSJ.wpd